Scott F. Gilles, Esq.
Nevada Bar No. 9035
FAHRENDORF, VILORIA,
  OLIPHANT & OSTER L.L.P.
P.O. Box 3677
Reno, Nevada  89505
(775) 348-9999
**Attorneys for James and Carleen West**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| IN RE:<br><br>JAMES A. WEST, aka JIM WEST, and CARLEEN J. WEST,<br>dba SWEET WATER FARM,<br><br>Debtors-in-Possession. | Case No: 10-54234<br><br>Chapter: 12<br><br>**EX PARTE APPLICATION TO EMPLOY THE LAWFIRM OF FAHRENDORF, VILORIA, OLIPHANT & OSTER LLP AS COUNSEL FOR DEBTORS**<br><br>[No Hearing Required] |

James A. West and Carleen J. West ("Debtors"), the Debtors-in-Possession in the above entitled Chapter 12 case, hereby apply to the Court pursuant 11 USC 327(a) and FRBP 2014 for an Order approving Debtors' employment of the law firm Fahrendorf, Viloria, Oliphant & Oster, LLP ("FVOO") as their bankruptcy counsel. This Application is supported by the Rule 2014 Declaration of Scott F. Gilles In Support of Application to Employ the Law Firm of Fahrendorf, Viloria, Oliphant & Oster L.L.P., filed contemporaneously. In support of this Application, Debtors respectfully represent as follows:

1.      On October 27, 2010, Debtors filed their voluntary petition for relief under Chapter 12 in the United States Bankruptcy Court, District of Nevada.

2.      Debtors, doing business as Sweet Water Farm, are serving as debtors-in-possession and continue to serve in that capacity.

276572                                                           -1-

3. Debtors desire to employ FVOO because its attorneys are well versed in bankruptcy matters and are otherwise qualified to represent Debtors in all matters related to this chapter 12 case and the proceedings herein.

4. The terms of the retention of FVOO to which the Debtors have agreed, subject to the approval of this Court under 11 USC §§ 329 and 330, are as follows:

Debtors will compensate FVOO on an hourly basis at the rates customarily charges buy the attorneys and legal assistant who render professional services in this matter. The total fee for services will be computed by multiplying the hourly rate by the number of hours actually and necessarily performed, billed in increments of a tenth of an hour. The hourly rates are:

| | |
|---|---|
| Partners | $285.00 |
| Senior Associates | $200.00 |
| Junior Associates | $185.00 |
| Legal Assistants | $85.00 |

These hourly rates are subject to periodic adjustments to reflect economic and other conditions, and, on occasion, to reflect each attorney's increased experience and expertise in the area of these matters. Scott Gilles, Esq., a Senior Associate, is the lead attorney on this case. FVOO will make periodic application for such compensation in accordance with the applicable provisions of the Bankruptcy Code and Rules, and, if, at the completion of the case, the results merit it, FVOO may make application to the court for allowance of a premium above its designated hourly rates. A true and correct copy of the Attorney Retainer Agreement is attached hereto as **Exhibit "1."**

5. All pre-petition services rendered were in relation to this bankruptcy proceeding.

6. A retainer was deposited to the FVOO trust account on September 14, 2010 in the amount of $10,000.00. Funds were applied from trust towards the Debtors account balance for costs advanced and services rendered in the amount of $533.73 on August 31, 2010, and in the amount of $662.81 on September 30, 2010, totaling $1,196.54 paid to date and leaving a remaining

balance in trust for the Debtors of $8,803.46. Redacted copies of the FVOO billing statements for the months of August and September are attached hereto as **Exhibit "2."**

7. FVOO is disinterested in that it has not represented any person or entity related to Debtors' bankruptcy case.

8. FVOO does not represent or hold any adverse interest to the Debtors or to the estate with respect to the matter on which it is to be employed, and therefore, this application is made respectfully submitting that FVOO is eligible for employment under 11 USC § 327(a).

Based on the foregoing, Debtors request that this Court enter an Order authorizing the employment of the law firm Fahrendorf, Viloria, Oliphant & Oster LLP as counsel for Debtors in this chapter 12 case and all related matters thereto, effective as of August 4, 2010.

**DATED** this 10th day of November, 2010.

                    FAHRENDORF, VILORIA,
                    OLIPHANT & OSTER L.L.P.


                    By: /s/ Scott Gilles
                         Scott F. Gilles, Esq.
                         Nevada Bar No. 9035
                         Attorneys for Debtors

**DATED** this 10th day of November, 2010.


/s/ Jim West                          /s/ Carleen West
Jim West, Debtor                  Carleen West, Debtor


**REVIEWED:**

_____
United States Trustee

276572                 -3-

## INDEX OF EXHIBITS

| EXHIBIT NO. | DESCRIPTION | NO. OF PAGES (inc. tab) |
|---|---|---|
| 1 | Attorney Retainer Agreement | 6 |
| 2 | August and September Billing Statement (Redacted) | 6 |
| 3 | [Proposed] Order Authorizing Employment of the Lawfirm of Fahrendorf, Viloria, Oliphant & Oster LLP as Counsel for Debtors | 3 |

276572

-4-

# EXHIBIT "1"

FAHRENDORF, VILORIA, OLIPHANT & OSTER L.L.P.
ATTORNEYS AND COUNSELORS AT LAW
Office: (775) 348-9999 Fax: (775) 348-0540
P. O. BOX 3677 ~ RENO, NEVADA 89505
327 CALIFORNIA AVENUE ~ RENO, NEVADA 89509

EXHIBIT "1"

276572                                      -5-

## ATTORNEY RETAINER AGREEMENT

1.      **IDENTIFICATION OF MATTER.** Jim West and Carleen J. West, husband and wife, hereinafter "Client," has retained Fahrendorf, Viloria, Oliphant & Oster L.L.P. as their attorneys to represent him in connection with a Chapter 12 Bankruptcy ("case").

It is agreed as follows:

2.      **ATTORNEYS' FEES.** The total Attorneys' fee for these services will be computed by multiplying the hourly rate by the number of hours actually and necessarily performed. **The attorney(s) and legal assistants will bill in increments of a tenth of an hour.** The hourly rates are:

|  |  |
|---|---|
| Partners | $285.00 |
| Senior Associates | $200.00 ** |
| Junior Associates | $185.00 |
| Legal Assistants | $85.00 |

\*\*Scott Gilles, Esq., a Senior Associate, will be the lead attorney on your case.

The terms of this agreement govern all work to be performed for Client, including but not limited to, preparation and filing of the bankruptcy petition, the accompanying schedules and the combined plan/disclosure statement, and attendance at the meeting of creditors. These rates are subject to change at the end of each calendar year. Client has reviewed the Attorneys' "Billing Memorandum to Client," which is attached hereto as Exhibit "A" and is incorporated herein by reference. Client agrees to abide by the terms and conditions set forth therein. In the event Client fails to pay the obligation due Attorneys on the date due, Client agrees to pay interest at the rate of one and one-half percent (1-½%) per month on past due fees and costs. In addition, in the event of non-payment, Attorneys reserve the right to stop working on Client's case and withdraw from any and all matters for which Attorneys are providing services.

3.      **RETAINER.** Client will deposit a retainer of $10,000.00. Attorney may request an additional retainer at any time and Client will deposit the additional sum with the Attorney within fifteen (15) days after the request is made or Attorney is entitled to withdraw from Client's representation.

4.      **HOURLY RATES.** The above hourly rates will be applied to all time spent on the case, including, but not limited to, time spent on the telephone, review of voicemail messages, negotiations with other parties or principals, preparing legal documents, court appearances, traveling, on legal research, and in consultation with Client, witnesses and Client's expert witnesses.

5.      **AWARD OF FEES AND/OR COSTS.** An opposing attorney may agree to pay a portion of a client's attorney's fees and/or costs, or a Court may award attorney's fees and/or costs, any such agreement or award of fees may be less than the actual attorney's fees and

258230

costs that are due to the Attorney. If fees and/or costs are received from the other party, they shall be first applied to Client's attorney's fees and costs incurred under this Agreement. If the Court awards less, Client must make up the difference. Any agreement or award of attorney's fees and/or costs does not affect the Client's obligation to pay all fees and costs under this Agreement.

6.      COSTS. Client must pay all costs incurred or advanced by Attorney in representing Client under and pursuant to this Agreement. Such costs include, but are not limited to, court filing fees, deposition charges, and photocopy charges. If it becomes necessary or useful to employ appraisers, accountants, psychiatrists, or other experts on Client's behalf, such professionals will be employed only with Client's express agreement, and if Client agrees to such employment, Client will be responsible for the bills of such professionals, independent of Attorney or Attorney's firm.

7.      LIMITATION ON SCOPE OF WORK. The scope of Attorney's employment by Client does not include appeal or any procedure other than that describe in Paragraph 1 and 2.

8.      ADDITIONAL TERMS. Client has reviewed the Attorney's "Billing Memorandum to Client," which is attached hereto as Exhibit "A" and is incorporated in this Agreement. Client agrees to the terms and conditions set forth in the memorandum. In the event Client fails to pay the obligation due to Attorney on the date due, Client agrees to pay interest at the rate of one and one-half percent (1-½%) per month on past due fees and costs. In addition, in the event of non-payment, Attorney reserves the right to stop working on Client's case and withdraw from any and all matters for which Attorney is providing services.

9.      RESULTS. Client understands that Attorney has not and cannot guarantee results.

10.     BINDING SIGNATORY. Each of the signatories hereto warrants that he or she is competent and authorized to enter into this Agreement on behalf of the party for whom he or she purports to sign and legally bind such party to this Agreement.

11.     ATTORNEYS' FEES. Should any claim or cause of action be brought by Attorneys to collect for fees or costs incurred pursuant to this Agreement, the party prevailing in such dispute, claim or cause of action shall be entitle to recover a reasonable sum for attorney's fees.

12.     ENTIRE AGREEMENT. This Agreement, along with Exhibit "A" constitutes the entire agreement between the parties, and any prior understanding or representation of any kind preceding the date of this Agreement shall not be binding on either party except to the extent incorporated in this Agreement.

13.     TERMINATION. Either party may terminate this Agreement by giving written notice to the other. In the event fees or costs are owing to Attorney at termination, Client

258230

agrees that Attorney will have a lien on any and all claims or causes of action on which Attorney was working, on all funds or property that has been or is later recovered, and on all files and work papers produced by Attorney.

I have read the agreement above; I understand it; and I agree to each and every term.

DATED this __30__ day of August, 2010.

_____  
Jim West  
"Client"

_____  
Carleen J. West  
"Client"

_____  
Fahrendorf, Viloria, Oliphant & Oster L.L.P.  
Scott F. Gilles, Esq.  
"Attorney"

258230

*Exhibit "A"*

## MEMORANDUM TO CLIENTS
## FAHRENDORF, VILORIA, OLIPHANT & OSTER L.L.P.
## BILLING PROCEDURES

1. **Mutual Understanding.** We are pleased to have you as a client. Our billing and credit procedures are designed to be as simple and as informative as possible. Experience has shown us that the client/attorney relationship gets off to a better start when there is a mutual understanding about fees and our expectations relative to payment. For instance, you should know how you will be billed for legal services and the terms of payment. It is important for you to discuss with us any significant change in the normal terms of payment.

2. **Fee Agreement.** At the beginning of work on your legal matter, you will be given an attorney fee agreement which, along with this memorandum, is a contract between you and our firm. *If you disagree with any statements in the fee agreement, please bring your concerns to our attention immediately*, since these are the terms of our obligations to you and your obligations to us.

3. **Costs.** Costs and expenses are <u>not</u> included in the above-mentioned fees, and you will be expected to pay all such costs promptly as they become due. Examples of such costs include, but are not limited to, filing fees; process server and delivery charges; investigative fees; pictures; depositions and other transcript costs; witness fees; jury fees, doctor, accountant, engineer or other expert witness fees deemed necessary by the attorney working on your case; travel, food and lodging expenses, if necessary; and miscellaneous costs such as copying, FAX, postage and mailing charges, and long distance telephone calls. The costs to file the bankruptcy petition are included in the flat fee described in Paragraph 2 of the Attorney Retainer Agreement

4. **Performing Legal Services.** We accept your case and agree to perform legal services for you on the following conditions: (i) that you keep us *informed of your address and telephone number;* (ii) that you *cooperate as requested;* (iii) that you *pay all legal fees and costs, or additional advances* of these items, within fifteen (15) days from demand or receipt of your statement of charges; and (iv) you provide us with true and correct information. All such charges must be paid in full as a condition to the attorney rendering further services on your behalf. We have the right to conditionally withdraw from this case, and to be released of all further responsibilities if you fail to inform us of your whereabouts, fail to cooperate, or fail to pay your fees, costs or expenses.

5. **Our Billing Statements.** We have computerized our billing procedures. All statements, therefore, are printed in an established format. If we are working on only one case for you, your bill will consist of a bill designating fees incurred and payments received (since the previous billing) and an itemizing of hourly services performed and costs expended. If we are working on more than one case, your monthly statement will

258230

include a separate bill for each case; these bills must then be totaled to determine the full amount due. Upon special request, our office will provide a cover page entitled "Summary of All Cases," which will specify the full amount owing for all cases. If you have any questions about the statement or the status of your account, feel free to call our Office Manager.

6. **When Payment is Due.** Your billing will be sent to you each month. The amount billed is due and payable within fifteen (15) days of the statement date unless you have made advance, alternative arrangements in writing with our attorney.

7. **Miscellaneous Provisions.** If a dispute arises, the fee agreement shall be interpreted under Nevada law and enforced only in Nevada courts, and the prevailing party shall be entitled to reasonable attorneys' fees and costs. This arrangement is binding on your successors and shall not be modified except in writing signed by both of us.

8. **Delinquent Account Procedure.** In fairness to most of the firm's clients who pay their bills promptly each month, the following procedures have been established so that the minority of clients whose accounts become delinquent will bear the cost of collection:

    a. One (1) month after the date of the initial statement, if payment has not been received, a statement is issued with a late charge of one-and-a-half percent (1½%) based on the unpaid balance of fees and costs.

    b. If payment still has not been received within sixty (60) days of the original billing date, the client will receive another statement. It will include a charge of one-and-a-half percent (1½%) per month on the unpaid balance for each month the account is overdue. This statement may be accompanied by a note that, if payment is not forthcoming, the account may be turned over for collection, or legal action may be instituted to secure payment. We reserve the right to cease all further legal work on accounts owing longer than sixty (60) days.

    c. Accounts which are past due more than ninety (90) days, on which no arrangements have been made for extended or deferred payment, will be turned over to a collection service, or suit will be instituted.

9. **Questions About Billing.** If you wish to ask about your billing or about the legal services, which have been rendered, please call our Office Manager at 348-9999 Ext. 102 when you receive your statement. *If no comment about the billing is received within fifteen (15) days of the statement date, we will assume that you have seen the bill and approved it.*

*We Appreciate Your Understanding - In these days of rising costs, a law firm--like other businesses--must pursue proper business procedures in order to be in a position to provide quality legal services.*

*Thank you for your understanding and cooperation.*

258230

# EXHIBIT "2"

EXHIBIT "2"

276572

-6-

### *Fahrendorf, Viloria, Oliphant & Oster L.L.P.*
327 California Avenue
P. O. Box 3677
Reno, NV 89505-3677
(775) 348-9999

Statement as of August 31, 2010
Statement No. 34680

Tax ID: # 88-0389866

Jim West
P.O. Box 33660
Ely, NV 89301

*Case/Description:*
*Chapter 12 Bankruptcy*

Matter #: BK10-011

**Professional Fees:**

| Date | Staff | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 8/4/2010 | SFG | [redacted] | 0.70 | 200.00 | $ 140.00 |
| 8/6/2010 | SFG | [redacted] | 0.90 | 200.00 | $ 180.00 |
| 8/9/2010 | SFG | [redacted] | 0.10 | 0.00 | $ 0.00 |
| 8/31/2010 | SFG | [redacted] | 0.30 | 200.00 | $ 60.00 |
| 8/31/2010 | SFG | [redacted] | 0.20 | 200.00 | $ 40.00 |
| 8/31/2010 | SFG | [redacted] | 0.50 | 200.00 | $ 100.00 |

Sub-total Fees:  $     520.00

**Rate Summary**

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Scott F. Gilles | 0.10 hours at $ | 0.00/hr  $ | $ 0.00 |
| Scott F. Gilles | 2.60 hours at $ | 200.00/hr  $ | $ 520.00 |

Total hours:  2.70

**Expenses:**

| | |
|---|---|
| Photocopy Expense | $ 12.00 |
| Postage Expense | $ 1.73 |

Fahrendorf, Viloria, Oliphant & Oster L.L.P.                                                        Page: 2

|  |  |  | Sub-total Expenses: | $ | 13.73 |

**Payments**

| 8/31/2010 | - Thank You! | Trust application. |  | $ 533.73 |
|  |  | Sub-total Payments: | $ | 533.73 |

**Trust Account**

|  |  | Beginning Balance: | $ | 0.00 |
| 9/14/2010 | Trust funds received via wire transfer |  | $ | 10,000.00 |
| 8/31/2010 | Trust application. |  | $ | -533.73 |
|  |  | Ending Balance: | $ | 9,466.27 |

|  | Total Current Billing: | $ | 533.73 |
|  | Previous Balance Due: |  | 0.00 |
|  | **Total Now Due:** | **$** | **0.00** |

# *Fahrendorf, Viloria, Oliphant & Oster L.L.P.*
327 California Avenue
P. O. Box 3677
Reno, NV 89505-3677
(775) 348-9999

Statement as of September 30, 2010
Statement No. 35035

Tax ID: # 88-0389866

Jim West
P.O. Box 33660
Ely, NV 89301

*Case/Description:*
*Chapter 12 Bankruptcy*

Matter #: BK10-011

**Professional Fees:**

| Date | Init. | Description | Hours: | Rate: | Amount: |
|---|---|---|---|---|---|
| 9/1/2010 | SFG | [redacted] | 0.40 | 200.00 | $ 80.00 |
| 9/1/2010 | SFG | [redacted] | 0.50 | 200.00 | $ 100.00 |
| 9/1/2010 | SFG | [redacted] | 0.20 | 200.00 | $ 40.00 |
| 9/1/2010 | SFG | [redacted] | 0.10 | 200.00 | $ 20.00 |
| 9/7/2010 | SFG | [redacted] | 0.30 | 200.00 | $ 60.00 |
| 9/9/2010 | SFG | [redacted] | 0.70 | 200.00 | $ 140.00 |
| 9/10/2010 | SFG | [redacted] | 0.10 | 200.00 | $ 20.00 |
| 9/14/2010 | SFG | [redacted] | 0.20 | 200.00 | $ 40.00 |
| 9/14/2010 | SFG | [redacted] | 0.10 | 200.00 | $ 20.00 |
| 9/16/2010 | SFG | [redacted] | 0.00 | 200.00 | $ 0.00 |
| 9/22/2010 | SFG | [redacted] | 0.20 | 200.00 | $ 40.00 |

Fahrendorf, Viloria, Oliphant & Oster L.L.P.                                                           Page: 2

| Date | | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 9/28/2010 | SFG | [redacted] | 0.20 | 200.00 | $ 40.00 |

                                                                            Sub-total Fees:   $    600.00

**Rate Summary**

Scott F. Gilles        3.00 hours at $ 200.00/hr    $         $ 600.00
         Total hours:  3.00

**Expenses:**

|  |  |  |
|---|---|---|
|  | Photocopy Expense | $ 6.40 |
|  | Postage Expense | $ 0.44 |
|  | Telephone Expense (for actual long distance only) | $ 2.97 |
| 9/9/2010 | Outside copy expense paid to White Pine County Recorder regarding request for copy of Notice of Default and Homestead Declaration. | $ 3.00 |
| 9/30/2010 | Outside copy expense paid to Credit InfoNet regarding request for copy of credit report (joint). | $ 50.00 |

                                                                  Sub-total Expenses:   $    62.81

**Payments**

| 9/30/2010 | - Thank You! | Trust application. | $ 662.81 |
|---|---|---|---|

                                                                  Sub-total Payments:   $   662.81

**Trust Account**

|  |  | Beginning Balance: | $ 9,466.27 |
|---|---|---|---|
| 9/30/2010 | Trust application. |  | $ -662.81 |
|  |  | Ending Balance: | $ 8,803.46 |

                                                     Total Current Billing:   $    662.81
                                                     Previous Balance Due:    $      0.00
                                                     **Total Now Due:**       $      0.00

# EXHIBIT "3"

# EXHIBIT "3"

276572                                           -7-

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

IN RE:

JAMES A. WEST, aka JIM WEST, and
CARLEEN J. WEST,
dba SWEET WATER FARM,

Debtors-in-Possession.

Case No: 10-54234

Chapter: 12

**ORDER AUTHORIZING
EMPLOYMENT OF THE LAWFIRM
OF FAHRENDORF, VILORIA,
OLIPHANT & OSTER LLP AS
COUNSEL FOR DEBTORS**

[No Hearing Required]

Upon consideration of the debtors' EX PARTE APPLICATION TO EMPLOY THE LAWFIRM OF FAHRENDORF, VILORIA, OLIPHANT & OSTER LLP AS COUNSEL FOR DEBTORS (Doc. __) and the supporting declaration of Scott F. Gilles, Esq (Doc. __), and pursuant to Fed.R.Bank.Proc. Rule 2014, and it appearing from those documents that good cause exists;

///

///

///

1 | IT IS HEREBY ORDERED as follows:

    1.    The Debtors are authorized to employ Fahrendorf, Viloria, Oliphant & Oster LLP ("FVOO") as their general counsel in the above case; and

    2.    Any payment of fees or costs to FVOO is subject to court order.

Submitted by:

| FAHRENDORF, VILORIA, OLIPHANT & OSTER L.L.P. | APPROVED/DISAPPROVED |
|---|---|
| /s/ Scott Gilles <br> Scott F. Gilles, Esq. <br> Nevada Bar No. 9035 <br> P.O. Box 3677 <br> Reno, Nevada 89505 <br> (775) 348-9999 <br> **Attorneys for Debtors** | _____ <br> OFFICE OF THE U.S. TRUSTEE |

**IT IS SO ORDERED.**

###